UNITED STATES of America, Appellee,

v.

Carlos Tomas FERREIRAS–DE LEON, Defendant–Appellant,

No. 04–0067.

United States Court of Appeals, Second Circuit.

Aug. 24, 2004.

Michael H. Sporn, New York, NY, for Appellant.

John O'Donnell, Assistant United States Attorney (Karl Stein, Assistant United States Attorney) United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

PRESENT: CABRANES, STRAUB and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant Carlos Tomas Ferreiras–De Leon, who pleaded guilty to charges of

illegally reentering the United States, appeals only with regard to the sentence imposed by the District Court His primary claim on appeal is that he is entitled to have his federal sentence run concurrently to an unrelated state sentence, pursuant to United States Sentencing Guidelines § 5G1.3(c).[1]

Having reviewed the record and considered the arguments of the parties, we conclude that in the circumstances presented here there was no error in the decision of the District Court to deny defendant's application that his federal sentence run concurrently with his state sentence. District courts have wide discretion in fashioning sentences, *see, e.g., United States v. Livorsi,* 180 F.3d 76, 83 (2d Cir.1999), and the District Court's decision was clearly within that discretion.

## CONCLUSION

Accordingly, the judgment of the District Court is hereby AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* No. 04–104, 2004 WL 1713654 (U.S. *cert. granted* Aug. 2, 2004) (mem.), and *United States v. Fanfan,* No. 04–105, 2004 WL 1713655 (U.S. *cert. granted* Aug. 2, 2004) (mem.). Should any party believe there is a special need for the District Court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Su-

preme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*

---

1. By letter to this Court dated August 5, 2004, defendant also raises a Sixth Amendment challenge under *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to a 16–point enhancement to his sentence based on a previous conviction. In accordance with *United States v. Mincey,* 380 F.3d 102 (2d Cir.2004), we reject this claim.